IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 1, 2005

## DAVID LACKEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-B-1103     Seth Norman, Judge**

_____

**No. M2004-00558-CCA-R3-PC - Filed May 31, 2005**

_____

The petitioner appeals the summary dismissal of his petition for post-conviction relief, arguing that he should have been appointed post-conviction counsel and given an evidentiary hearing. Following our review, we remand this matter to the post-conviction court to determine whether the petitioner's right to due process of law requires that the petition be considered regardless of its untimeliness.

**Tenn. R. App. P. 3 Appeal as of Right; Case Remanded to Criminal Court**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

David Lackey, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

By separate order, this court has granted the petition for rehearing filed by the petitioner, withdrawn the opinion filed in this matter on March 30, 2005, and directed that it be replaced with this opinion.

Based on his participation in the 1998 murder of Nashville resident Billy Wiggins, the petitioner, David Lackey, was convicted by a Davidson County jury of one count of premeditated murder, one count of felony murder during the perpetration of a theft, and one count of misdemeanor theft. After merging the two murder convictions, the trial court sentenced the petitioner to an effective sentence of life imprisonment. This court affirmed the convictions on direct appeal. See

<u>State v. David Allen Lackey</u>, No. M2001-01043-CCA-R3-CD, 2002 WL 31007442, at *1 (Tenn. Crim. App. Sept. 6, 2002).

On October 31, 2003, the petitioner filed a post-conviction petition which the post-conviction court found to be "timely" but deficient because it failed "to include any specific grounds and factual bases in support of the allegations in the petition." Accordingly, the petitioner was given thirty days to supplement his pleadings, which he did, filing a timely seven-page amendment to the original petition, again, asking that counsel be appointed. In its written dismissal order, the post-conviction court treated what was styled as an "Amendment to [the original] Petition" as an amended petition, finding that it was deficient because it presented only "[b]are allegations of violations of constitutional rights" and that neither the original nor amended petition was "verified under oath." Accordingly, the petition was denied.

Thereafter, the petitioner filed a *pro se* notice of appeal to this court.

## **ANALYSIS**

On appeal, the State argued that the petitioner's claims properly were dismissed because they were not verified under oath, thus failing to "state a colorable claim for relief."

In our original opinion in this matter, we upheld the dismissal on grounds different than those utilized by the post-conviction court or argued by the State on appeal. We concluded, *sua sponte*, that the petition was untimely by about three weeks. <u>See</u> Tenn. Code Ann. § 40-30-102(a) (2003). (A claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred."). Although the technical record does not reveal whether an untimeliness defense was raised by the State in the post-conviction court, we note that the petition was found to be "timely."

Following our affirming the dismissal of the petition by the post-conviction court, the petitioner filed a timely petition for rehearing, asserting that "all parties in this case inexplicably confused the date that this Court issued its mandate (Nov. 12, 2002) as a denial of a Rule 11 application by the Tennessee Supreme Court." Attached to the petitioner's motion was his affidavit, asserting in part that he had been confused as to the period within which his post-conviction petition was required to be filed because he "was not made aware that [his] court-appointed counsel had not applied for permission to appeal to the Tennessee Supreme Court during the direct appeal process in [the] case." Thus, according to the petitioner, he "was misled to believe that his counsel was continuing his appeals, and due process . . . requires the tolling of the statute of limitations." He does not reveal, however, when and how he discovered that counsel had not filed an application for permission to appeal after this court affirmed his convictions. Thus, we cannot ascertain whether, as the petitioner claims, his right to due process was violated by our applying the one-year statute of limitations and dismissing his post-conviction claim.

The petition, filed on October 31, 2003, was untimely because it was filed after expiration of the one-year statute of limitations. Our opinion affirming the defendant's convictions was filed on September 6, 2002. No Rule 11 application for permission to appeal to the supreme court was filed in this case. The last action taken by either party during the direct appeal was a Supreme Court Rule 14 motion to withdraw as counsel, filed by the petitioner's counsel on September 10, 2002, and granted on September 13, 2002. The mandate of this court, issued on November 12, 2002, was not the final action of this court for purposes of the post-conviction act. See Edward Pinchon v. State, No. M2003-00816-CCA-R3-PC, 2004 WL 193055, at *4 (Tenn. Crim. App. Jan. 28, 2004), perm. to appeal denied (Tenn. May 10, 2004); Kenneth P. Bondurant v. State, No. M2000-02287-CCA-R3-PC, 2002 WL 31487529 (Tenn. Crim. App. Oct. 30, 2002); see also Tenn. R. App. P. 42. Therefore, the post-conviction statute of limitations began to run at the date of the final action of the "highest state appellate court to which an appeal [was] taken," which was the date our direct appeal opinion was filed, or September 6, 2002. Tenn. Code Ann. § 40-30-102(a) (2003).

It is unquestioned that "[n]o court shall have jurisdiction" to consider a time-barred petition unless it falls within one of the enumerated statutory exceptions, see Tenn. Code Ann. § 40-30-102(b) (2003), or is mandated by due process. See Williams v. State, 44 S.W.3d 464, 477 (Tenn. 2001) (misrepresentation by attorney as to continuing representation, rather than mere attorney negligence, possibly tolled the statute of limitations). "Given the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness be resolved before any adjudication on the merits of the petitioner's claims may properly occur." Antonio L. Saulsberry v. State, No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App. Feb. 9, 2004) (citing Tenn. Code Ann. § 40-30-102(b) (2003)), perm. to appeal denied (Tenn. June 1, 2004). An untimely petition is subject to summary dismissal. See Tenn. Code Ann. § 40-30-106(b) (2003) ("If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge *shall* enter an order dismissing the petition.") (emphasis added).

Applying these principles, we conclude that the opinion first filed in this matter should be withdrawn because, as the petitioner argues in his petition for rehearing, he did not seek to explain to the post-conviction court why his petition was not filed within the required period since it was not raised as an issue by the State, and, as we have said, that court found it to be timely filed. Accordingly, we remand this matter to the post-conviction court for a determination as to whether the petitioner's due process right requires that the court consider the petition. The petitioner should be allowed to file an amended pleading as to this point alone, with the State then to respond. Whether the petitioner is entitled to a hearing as to his explanation as to the timeliness of his petition shall be determined by the post-conviction court.

## CONCLUSION

We remand this matter to the post-conviction court to determine whether the petitioner's

right to due process of law requires that the petition be considered regardless of its untimeliness.

_____
ALAN E. GLENN, JUDGE